Robert G. McCarthy
McCarthy Law, PC
101 Atcheson Lane
Butte, MT 59701
(406) 494-2500 Telephone
bob@mccarthylaw.net

Attorney for Plaintiffs

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

DALE G MACKENSTADT and ELIZABETH ) Cause No. **A DV-22-0263**
MACKENSTADT                          )
                                     )          DAVID J. GRUBICH
           Plaintiffs,               )   **COMPLAINT AND DEMAND**
                                     )   **FOR JURY TRIAL**
      vs.                            )
                                     )
Allstate Insurance Company           )
  An Illinois Corporation            )
           Defendant.                )
                                     )

Plaintiffs Dale G. Mackenstadt and Elizabeth Mackenstadt by and through Robert G. McCarthy their attorney, complains and alleges a cause of action as follows:

### CLAIM FOR UNDERINSURED MOTORIST COVERAGE - BREACH OF CONTRACT

1. Plaintiffs are individuals who are married to each other that reside in Great Falls, Cascade County, State of Montana.

2. Dale G. Mackenstadt's full name is Dale Greg Mackenstadt. He is known as Greg Mackenstadt.

3. Defendant, Allstate Insurance Company, is a corporation organized and incorporated under the laws of the State of Illinois. Defendant is licensed and authorized to conduct business as an insurer in the State of Montana.

4. Prior to the January 29, 2020, Defendant issued to Plaintiffs an automobile insurance policy providing underinsured motorist coverage with four individual limits of stackable coverage in the amount of $250,000 and total limits of $1,000,000 for which the plaintiffs paid separate premiums.

5. The policy that the Defendant sold to the Plaintiff also provided for additional medical payments coverages of $5000 on each of four vehicles for which the Plaintiff's paid separate premiums.

6. Under the contractual terms of the insurance policy issued Greg Mackenstadt and his spouse Elizabeth Mackenstadt are covered persons under the policy.

7. On or about January 29, 2020 Greg Mackenstadt was injured in a traffic accident caused by the negligence of Gerald Buck in operating his automobile. As a consequence of that accident, Plaintiffs were legally entitled to recover damages and did recover the limits of coverage provided by Gerald Buck's insurer in the amount of $25,000.

8. As a result of the accident Greg Mackenstadt suffered serious personal injuries and sustained damages, including but not limited to substantial medical expenses, permanent pain and suffering, permanent loss of bodily function, permanent impairment of physical abilities, permanent impairment of his spousal relationship and permanent loss of wages including the permanent loss of the ability to continue his full-time employment or any other substantial gainful employment.

9. As a result of the accident the Plaintiffs suffered serious and permanent damage to their marital relationship.

10. The Plaintiffs have made reasonable demand upon Defendant to pay the

contracted for and paid for underinsured motorist coverage.

11. The Defendant's response has inadequately and unfairly valued the Plaintiffs claims and compels the filing of this action in order to enforce the terms of the parties contract.

12. The Defendant's position regarding valuation of the Plaintiff's claim is a breach of the insurance contract.

13. The Defendant has refused the Plaintiffs' demand for an explanation of the valuation of their claim based on the facts or applicable law.

14. The Defendant's claims adjusters have relied upon unsupported medical contentions in their valuation of the Plaintiffs claims.

15. The Defendant has stated that its valuation of the underinsured motorist claims includes a reduction for all sums previously paid under the automobile medical payments portion of the Plaintiff's policy.

16. The Defendant's contention as to "duplicate" payments is a breach of the contract and a violation of public policy as it denies the Plaintiff's the coverage for which Plaintiffs paid separate premiums.

17. The Defendant's insurance policy is intentionally ambiguous and designed to attempt to deprive the Plaintiffs of the benefits they believed they purchased.

18. The Defendant sold the Plaintiffs all the possible coverage they could and charge all the premiums they could, sent a declarations sheet which failed to disclose any "duplication" provision and buried within the policy an ambiguity it utilizes to attempt to defeat coverage for which the Plaintiffs paid premiums.

19. The Defendant's position is that it will not pay medical expenses under an

uninsured motorist claim where the Plaintiffs paid for both medical payments coverage and underinsured motorist coverage.

20. The Defendant claims that the payment of medical expenses under both coverages would be a duplicate payment.

21. The defendant accepted separate premium payments from the Plaintiffs for both underinsured motorist coverage and medical payments coverage.

22. The Plaintiffs paid a separate premium under four different insured vehicles for both automobile medical payments and underinsured motorist coverage.

23. Both the automobile medical payments coverage and the Uninsured Motorist coverage stand alone and were purchased as separately obtained coverage for separate premiums paid by the Plaintiffs.

24. The Defendant did not reduce the premiums charged because the Plaintiffs purchased what it contends is duplicate coverage.

25. The Defendant will be unjustly enriched if insureds who purchase both underinsured and automobile medical payments are deprived of such coverage by allowing Defendant to offset one coverage against the other.

26. The Defendant offered the Plaintiffs both underinsured coverage and automobile medical payments coverage for which the Plaintiffs paid the requested separate premiums.

27. The Defendant is contractually obligated to pay the Plaintiffs claims triggering and qualifying for the separate coverages, an offset given the charges for such coverage is unconscionable.

28. At the time that Plaintiffs obtained their coverages the Defendant sold both

uninsured/Underinsured coverage and automobile medical payments coverage to consumers in the state of Montana at the same charge as if purchased separately, the Defendant made no attempt to inform the Plaintiffs that they were obtaining illusory coverage.

29. The Defendant did not reduce the Plaintiffs premiums by any amount given the purchase of two separate coverages which it now alleges are duplicate.

30. The acceptance of the premiums by the Defendant contractually obligated to pay the Plaintiffs under the coverages for which the Plaintiffs paid premiums.

31. If the Plaintiffs had not purchased $20,000 worth of automobile medical payments coverage the Defendant would have paid Plaintiff's medical expenses under the underinsured coverage.

32. Defendant sold the Plaintiffs $20,000 worth of automobile medical payments coverage and $1,000,000 worth of underinsured coverage and received separate unadjusted and unreduced premiums for both coverages as if there was not overlap of offset that the Defendant would apply in the event the Plaintiff's had claims.

33. The Defendant did not advise the Plaintiffs that the automobile medical payments coverage they purchased would reduce the amount of coverage payable under the underinsured separately purchased coverage of their policy.

34. The Defendant's interpretation of its contract creates an ambiguity that must appropriately be resolved in favor of the Plaintiffs.

35. Under the Defendant's policy separately purchased insurance coverage is offset against other separately paid for coverage thereby making one or the other

illusory coverage.

36. The Defendant's policy language creates illusory coverage unless both coverages for which a premium is paid are contractually enforced.

37. The Plaintiff's underinsured motorist premium was not reduced based on the amount of medical payments coverage obtained, nor was the amount of the premium paid for the automobile medical payments coverage reduced based on the amount of underinsured coverage purchased by the Plaintiffs.

38. Under the terms of the Defendant's insurance contract the Plaintiffs are entitled to recover from the Defendant insurer all damages they would legally be entitled to recover from the responsible party.

39. The Plaintiffs are entitled, according to proof at trial, to recover::

   a. All loss caused by the responsible parties physical injury of the insured regardless of whether such loss could have been anticipated;

   b. Reasonable compensation for any pain and suffering experienced and reasonably probable to be experienced in the future;

   c. The reasonable value of any loss sustained to date and reasonably probable to be experienced in the future because of an inability to pursue an occupation;

   d. Reasonable compensation for damage to any future earning capacity;

   e. The value of any service, whether paid or not, that Plaintiffs would normally have performed for himself or others including his spouse that he can no longer perform;

   f. The reasonable value of purchases in the past and reasonably probable to be incurred in the future necessitated by the injury;

   g. The reasonable value of necessary care, treatment and services received and those

reasonably probable to be required in the future;

h. Reasonable compensation for permanent injury and impairment of thecapacity to pursue an established course of life;

i. Reasonable compensation for loss of normal sleep and periods of rest without pain in the past and probable to be incurred in the future due to pain and discomfort caused by the injury;

j. Reasonable compensation for disruption of daily routine and peaceable enjoyment of life in the past and probable to be incurred in the future due to pain and discomfort caused by the injury;

k. Reasonable compensation for the disruption of the Plaintiff's ability to participate in hobbies and activities in the past and probable to be disrupted in the future due to the injury, or pain and discomfort caused by the injury;

l. Reasonable compensation for time and money spent seeking, travelling for and receiving medical care in the past and probable to be incurred in the future due to the injury;

m. Reasonable compensation for loss of retirement income and benefits, social security income and post retirement income as a result of the injury incurred in the past and reasonably probable to be incurred in the future;

n. Reasonable compensation for any loss of life expectancy caused by a reduction in the Plaintiff's life expectancy due to the injury;

o. Reasonable compensation for any scarring or disfigurement caused by any necessary medical procedures performed due to the injury; and

p. Reasonable compensation for the loss or impairment of the marriage relation suffered by the Plaintiffs. This relation includes the right of support, aid, protection, affection, and society.

40. The amount determined by the jury as fair and just compensation for all damages sustained as a result of the accident should, as a matter of equitable relief, be awarded to the Plaintiffs regardless of the amount of insurance coverage in force.

41. On December 13, 2021 the Defendant responded to the Plaintiff's request for a certified copy of the policy in effect on the January 29, 2020 date of loss and the Defendant failed to produce such policy but rather produced a policy with an effective date of February 28, 2020.

42. On or about February 26, 2022 the Defendant denied the plaintiff's demand for payment of the limits of underinsured motorist coverage and further denied the benefits of coverages for separately paid for coverages under the Plaintiff's policy by advising Plaintiff that any payments under the underinsured motorist coverage would be offset by amount of automobile medical coverage payments.

43. Given the Defendant's denial of Plaintiff's demands and denial of the amount of payments due under the underinsured motorist coverage and resulting necessity of the Plaintiffs instituting this action the Defendant's financial exposure at trial for any excess verdict should not be limited to the amount of coverage that the Plaintiffs purchased.

44. The Plaintiffs further assert and intend to give notice that they may be members of a class of similar individuals that have been improperly denied insurance payments by Defendant and hereby give notice as a matter of record that class relief may be sought in this action or in a separate class action. The Plaintiffs request that records and information relating to the use of the "duplication/offset" are requested to be preserved. The Plaintiff hereby gives notice that spoliation of evidence claims may be pursued if information is destroyed.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. A judgment requiring Defendant to pay Plaintiffs the amount of damages

proven at trial including any excess verdict beyond the limits of coverage stated within the policy;

2. That the Court interpret the Defendant's contract of adhesion as being ambiguous in the terms that it has attempted to rely upon to attempt to deny the Plaintiffs the benefits of the insurance for which Plaintiffs paid a separate premium.

3. That the Court determine that the use of non-duplication clause that attempts to deny the Plaintiffs the benefits for which a separate premium has been paid is unenforceable and void and contrary to the public policy and the laws of the State of Montana.

4. Attorney's fees pursuant to law.

5. Costs and such other legal or equitable relief as this court may deem proper.

DATED this 3rd day of June, 2022.

McCARTHY LAW, P.C.

ROBERT G. McCARTHY
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Comes now, the Plaintiffs and demands a jury trial on all issues of fact in this case.

DATED this 3rd day of June, 2022.

McCARTHY LAW, P.C.

_____
ROBERT G. McCARTHY
Attorney for Plaintiffs